UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUANE A. PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1180** |
| **N. BURL CAIN, WARDEN**<br>**LOUISIANA STATE PENITENTIARY** | **SECTION "S"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE**.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Duane A. Parker, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] Parker was charged by bill of information in St. Tammany Parish on July 9, 1996, with two counts of distribution of cocaine.[3]

His counsel immediately filed a motion for speedy trial.[4] He also filed motion to suppress evidence on August 1, 1996. Parker, who was on bond, thereafter failed to appear for proceedings before the state trial court on October 12, 1998,[5] and November 16, 1998.[6]

On April 12, 1999, the indigent defender board announced a conflict of interest and asked the state trial court to appoint other counsel.[7] Parker again failed to appear at a hearing on the matter on May 26, 1999.[8]

---

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 7/9/96.

[4]Id., Motion for Speedy Trial, 6/11/96.

[5]Id., Minute Entry, 5/18/98.

[6]Id., Minute Entry, 11/16/98. The record also contains a Motion for Continuance of that hearing filed by defense counsel on November 3, 1998.

[7]Id., Motion to Appoint Counsel, 4/12/99.

[8]Id., Minute Entry, 5/26/99.

Two additional joint motions to continue were filed awaiting the appointment of counsel for Parker.[9] Both motions indicate that the district attorney objected to the continuance "for prescription purposes."

On May 25, 2001 and June 1, 2001, the public defender filed two more motions to have other counsel appointed.[10] The court granted the second motion and appointed counsel on June 20, 2001.[11] That same day, the court granted another continuance to October 8, 2001, in light of counsel's appointment.[12] Parker again failed to appear for a hearing set for October 8, 2001.[13]

Parker was eventually tried before a jury on November 5, 2001.[14] On the second day of trial, November 6, 2001, Parker entered a plea of guilty as charged.[15] The court sentenced him the same day to serve 15 years on each count to run concurrently with each other and with Parker's sentences in two other cases.[16]

---

[9] Id., Motion for Continuance, 2/6/01; Motion for Continuance, 5/8/01.

[10] Id., Motion to Appoint Counsel, 5/25/01; Motion to Appoint Counsel, 6/1/01.

[11] Id., Motion to Appoint Counsel, 6/1/01.

[12] Id., Motion for Continuance, 6/20/01.

[13] Id., Minute Entry, 10/8/01.

[14] Id., Trial Minutes (5 pages), 11/5/01.

[15] Id., Plea Minutes (4 pages), 11/6/01.

[16] Id.

Later that same day, the State filed a multiple bill charging Parker as a second offender.[17] The court resentenced Parker as a second offender and ordered that the 15-year sentences be served without benefit of parole, probation or suspension of sentence.[18] The court ordered Parker to surrender himself to the parish jail on November 9, 2001. The court ordered that, if Parker failed to report timely, the sentence would be withdrawn and increased to 30 years by running the sentences consecutively.

Parker failed to surrender himself on November 9, 2001, and the court reissued an attachment.[19] By November 28, 2001, Parker was incarcerated to begin serving his sentence.[20]

The State filed a motion to reconsider sentence on December 4, 2001, which was granted by the trial court.[21] The court resentenced Parker on December 18, 2001, as a second offender to serve his two 15-year prison terms to run consecutively.[22]

---

[17] Id.

[18] Id.

[19] Id., Minute Entry, 11/9/01.

[20] Id., Minute Entry, 11/28/01.

[21] Id., Motion to Reconsider Sentence, 12/4/01.

[22] Id., Hearing on Motion to Reconsider Sentence, 12/18/01.

The court entertained a second motion to reconsider filed by defense counsel to clarify the multiple offender sentence.[23] The February 15, 2002, hearing on that motion was continued by the court because Parker was not present.[24] The court eventually heard the motion on March 8, 2002.[25] The court granted the motion and resentenced Parker to serve 15 years on each count to run consecutively.

Affording Parker a generous reading of the law,[26] his conviction became final five days later, on March 15, 2002, because he did not file a notice of appeal or seek reconsideration of his sentence. See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing

---

[23]Id., Motion to Reconsider Sentence, 1/9/02.

[24]Id., Minute Entry, 2/15/02.

[25]Id., Minute Entry, 3/8/02.

[26]The United States Supreme Court has long held that "'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 127 S. Ct. 793, 798-99 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). In applying this rule, the Supreme Court has held that the AEDPA limitations period "did not begin until both his conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking such review." Burton, 127 S. Ct. at 799 (emphasis added, quotation omitted). Thus, finality occurs when direct review of both the conviction and sentence is no longer available or is concluded.

a notice of appeal under La. Code Crim. P. art. 914[27]); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

On April 10, 2002, Parker filed a request for copies of the district attorney's records needed for filing an application for post-conviction relief.[28] The state trial court denied the motion on April 16, 2002.[29] His subsequent writ application to the Louisiana First Circuit was denied on July 1, 2002, as procedurally deficient.[30] His corrected application was denied since he had not filed an application for post-conviction relief which may have entitled him to the copies he sought.[31]

Parker filed two additional requests for copies with the clerk of the state trial court.[32] The record is unclear as to whether he was provided with all of the copies

---

[27]At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). Article 914 was amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. Because this statutory amendment occurred well after petitioner's sentencing, it is inapplicable to this case.

[28]St. Rec. Vol. 1 of 3, Motion for Public Records, 4/10/02.

[29]Id., Trial Court Order, 4/16/02.

[30]Id., 1st Cir. Order, 2002-CW-1182, 7/1/02.

[31]Id., 1st Cir. Order, 2002-CW-1832, 12/12/02.

[32]Id., Request for Copies, 1/9/03; Motion to Produce the Initial Police Report, 8/26/03.

requested. Parker also inquired about the status of his appeal and was advised by the clerk of court that no appeal was filed.[33]

On October 22, 2003, Parker filed an application for post-conviction relief in the state trial court raising three grounds for relief:[34] (1) His Sixth Amendment right to a speedy trial was violated. (2) The time limitation for prosecution had expired. (3) Counsel was ineffective for failure to file a motion to quash the bill of information based on the limitations defense. The state trial court denied the application, finding that Parker failed to prove grounds upon which relief could be granted.[35]

On February 10, 2004, Parker filed a notice of intent to file an application alleging that he did not receive the trial court's order until December 22, 2003.[36] The trial court gave him until March 30, 2004, to file his writ application.

---

[33]Id., Notice of Inquiry, 2/18/03; Letter from Clerk of Court, 4/13/03.

[34]Id., Uniform Application for Post Conviction Relief, 10/22/03; Brief in Support of Post Conviction Relief, 10/22/03.

[35]Id., Trial Court Order, 11/3/03.

[36]Id., Notice of Intent to Seek Writs, 2/10/04.

Parker filed a writ application with the Louisiana First Circuit on March 23, 2004.[37] The court denied the application and advised Parker that he could file another application with the proper attachments by June 28, 2004.[38]

Parker filed another application with the Louisiana First Circuit on June 23, 2004.[39] The writ was granted on the finding that Parker's "allegation that counsel was ineffective for failing to file a motion to quash based on the expiration of the time limited provided by La. Code Crim. P. art. 578 appears to allege a claim that, if established, would entitle relator to relief."[40]

The state trial court held a hearing on Parker's post-conviction claims on May 13, 2005.[41] After hearing argument from Parker and the reviewing the record, the court resolved that the period of limitations was suspended or interrupted by the pending motion to suppress and other continuances and Parker's prosecution was not untimely.[42] The court did not address specifically the ineffective assistance of counsel claim.

---

[37]The state court record does not contain a copy of this writ application. The filing date was obtained from the clerk of the Louisiana First Circuit.

[38]Id., 1st Cir. Order, 2004-KW-0665, 6/1/04.

[39]The state record does not contain a copy of this writ application. Parker attached an unfiled copy of a writ application to his petition. Rec. Doc. No. 3, Exh. D.

[40]St. Rec. Vol. 1 of 3, 1st Cir. Order, 2004-KW-1456, 9/27/04.

[41]Id., Minute Entry, 5/13/05; Trial Court Order, 2/14/05.

[42]Id., Minute Entry, 5/13/05; Hearing Transcript, 5/13/05; Answer to Petition for Post-Conviction Relief, 1/13/05; Response to District Attorney's Answer, 1/27/05.

On September 19, 2005, Parker filed a writ application with the Louisiana First Circuit seeking review of the trial court's order and raising the all three of his post-conviction claims.[43] The court denied the application without reasons on December 12, 2005.[44]

Parker thereafter filed a writ application with the Louisiana Supreme Court in which he raised only one ground for relief, alleging that "[t]he appellate court erred when it found the prosecution established it was within the time limitations to prosecute petitioner on the instant charges."[45] The court denied the application without reasons on October 27, 2006.[46]

---

[43] The state court record does not contain a copy of this writ. Parker has attached an unfiled copy of the writ application to his petition. Rec. Doc. No. 3, Exh. F. The filing date was obtained from the clerk of the Louisiana First Circuit. In the dissent, the judge indicated that counsel was ineffective for failing to file the motion to quash and for not pursuing a resolution of the motion to suppress sooner.

[44] St. Rec. Vol. 1 of 3, 1st Cir. Order, 2005-KW-1961, 12/12/05.

[45] St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 06-KH-0760, 4/5/06; La. S. Ct. Letter, 2006-KH-760, 4/5/06 (postmarked 12/29/05).

[46] St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2006-KH-0760, 10/27/06.

II.   FEDERAL HABEAS PETITION

On March 28, 2007, Parker filed a petition for federal habeas corpus relief in which he alleges that his counsel was ineffective for failure to file a motion to quash the bill of information based on the expiration of the time limits for prosecution.[47]

The State filed a response in opposition to the petition, alleging that Parker's federal petition was not timely filed.[48]

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[49] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Parker's petition, which, for reasons discussed below, is deemed filed in this federal court on February 7, 2007.[50]

---

[47]Rec. Doc. No. 3.

[48]Rec. Doc. No. 9.

[49]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[50]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

My review of the record reflects that Parker's petition is not timely filed, and his petition should be dismissed on that ground.

---

acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Parker's petition was filed by the clerk of court on March 28, 2007, when the filing fee was paid. Parker did not date his signature on the petition or the supporting memorandum. He did date his signature on the pauper application submitted therewith and it is dated February 7, 2007. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

## IV.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[51]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  Parker's conviction became final on March 15, 2002, when he did not appeal or seek further reconsideration of his sentence.

Therefore, under a literal application of the statute, Parker had until March 15, 2003, or the following business day, March 17, 2003, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the

---

[51]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
- A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
- C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
- D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 125 S. Ct. at 1814-15; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Parker has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of

13

excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-

14

conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 125 S. Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-

15

20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

As stated above, Parker's conviction became final on March 15, 2002. The one-year limitations period began to run the following day, March 16, 2003, and did so without interruption, until March 15, 2003, or the following business day, March 17, 2003, when it expired. Parker did not file for state post-conviction or other collateral review until more than six months later, on October 6, 2004, when he signed the uniform

16

application for post conviction filed in the state trial court on October 22, 2003.[52] This later filed writ application has no effect on the timeliness calculation. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Parker's efforts to obtain copies from the court do not constitute state post-conviction or other collateral review for purposes of tolling. Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002) (mandamus is not post-conviction or other collateral review); Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998); Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); see also Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, 2002 WL 63541 (E.D. La. Jan. 16, 2002); Jones v. Johnson, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

Parker's federal petition is presumed filed on February 7, 2007, almost four years after expiration of the AEDPA filing period. Thus, his petition should be dismissed as time-barred.

---

[52] St. Rec. Vol. 1 of 3, Uniform Application for Post Conviction Relief, 10/22/03.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Duane A. Parker for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __2nd__ day of October, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE